## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**RICHARD YUENGLING** and      Case No.
**REBECCA YUENGLING,**
individually and as parent
guardians of their minor children,
**H.Y** and **P.Y.,**

     Plaintiffs,

vs.

**PASCO COUNTY SCHOOL BOARD,**
**PASCO COUNTY SHERIFF'S OFFICE,**
**KURT S. BROWNING,** individually and
in his official capacity as Superintendent of
Pasco County School District, **RAY GADD,**
individually and in his official capacity as
Deputy Superintendent of Pasco County School
District, **CHRIS NOCCO,** individually and
officially as Sheriff, **ERIC SELTZER, CHRIS JOYAL,**
**STACEY JENKINS,** and **JEFF HARRINGTON**
each individually and officially as Pasco County
Sheriff's employees**,**

     Defendants.

_____/

## COMPLAINT FOR
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF,
## DAMAGES, ATTORNEY'S FEES, AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs, RICHARD YUENGLING and REBECCA

YUENGLING, Individually and as parent guardians of their minor children,

H.Y and P.Y., file this Complaint against the Defendants, PASCO COUNTY SCHOOL BOARD, PASCO COUNTY SHERIFF'S OFFICE, KURT S. BROWNING, individually and in his official capacity as Superintendent of Pasco County School District, RAY GADD, individually and in his official capacity as Deputy Superintendent of Pasco County School District, CHRIS NOCCO, individually and officially as Sheriff, ERIC SELTZER, CHRIS JOYAL, STACEY JENKINS, and JEFF HARRINGTON each individually and officially as Pasco County Sheriff's employees (together "Defendants") and state as follows:

1. This lawsuit arises from the coercion and coordinated retaliation directed against REBECCA YUENGLING and her husband RICHARD YUENGLING by officials of the PASCO COUNTY SCHOOL BOARD and school district and the PASCO COUNTY SHERIFF'S OFFICE. That retaliation, involving defendants' permanent removal of her two minor children, plaintiffs H.Y. and P.Y., from their local public school, arose in response to the exercise of protected free speech by REBECCA YUENGLING. As a result of exercising his protected right to petition the government for redress of these grievances, RICHARD YUENGLING also became a target of retaliation. Defendants went after a whole family.

## Venue

2.     The actions complained of arose in Pasco County, within the Middle District of Florida.

3.     All plaintiffs, and, on information and belief, all defendants, reside in Pasco County, Florida.

## Jurisdiction

4.      Jurisdiction over the Plaintiff's claims arises under *42 U.S.C. § 1983* and Florida Law and is vested in this court by *28 U.S.C. §§ 1331* and *1343*. Plaintiffs respectfully submit that the related state claims arising out of the same transactions and occurrences give rise to pendent jurisdiction in this court.

## Parties

**Plaintiffs:**

5.     REBECCA YUENGLING is the mother of the minor plaintiffs herein and the wife of RICHARD YUENGLING.

6.      RICHARD YUENGLING, is the husband of REBECCA YUENGLING, and is the father of the minor plaintiffs herein. At all times

relevant to this complaint, he was employed as a sheriff's deputy in the Pasco County Sheriff's Department.

7.     H.Y. and P.Y. are the minor children of RICHARD YUENGLING and REBECCA YUENGLING, and are students in the Pasco County School System who must leave their local zoned schools because of their mother's protected speech.

**Defendants:**

8.      Defendants PASCO COUNTY SCHOOL BOARD and PASCO COUNTY SHERIFF'S OFFICE are government entities existing under and by virtue of the laws of the State of Florida. The Sheriff's office provides Deputy Sheriffs as school resource officers to the Pasco County School District.

9.     Defendant KURT S. BROWNING has, at the times relevant to this complaint, been the Superintendent of Schools for the Pasco County School District. At all relevant times he was acting under color of state law and is being sued in both his individual and official capacity.

10.     Defendant RAY GADD, is the Deputy Superintendent and second highest official in the Pasco County Schools. At all relevant times he

was acting under color of state law and is being sued in both his individual and official capacity.

11.     Defendant CHRIS NOCCO is, and at all relevant times has been, the Sheriff of Pasco County, and acts through the PASCO COUNTY SHERIFF'S OFFICE. He was responsible for the overall supervision and evaluation of RICHARD YUENGLING and other members of the Pasco County Sheriff's Office. At all relevant times he was acting under color of state law and is being sued in both his individual and official capacity.

12.     Defendant JEFF HARRINGTON is the Chief Deputy and second in command of the Pasco County Sheriff's Office. At all relevant times he was acting under color of state law and is being sued in both his individual and official capacity.

13.     Defendant ERIC SELTZER is an employee of the Pasco County Sheriff's Office in the grade of Captain, under the supervision of the County Sheriff, Defendant CHRIS NOCCO, and was responsible for the supervision and evaluation of RICHARD YUENGLING. At all relevant times he was acting under color of state law and is being sued in both his individual and official capacity.

14.     Defendant CHRIS JOYAL is an employee of the Pasco County Sheriff's Office in the grade of Lieutenant, and was responsible for the supervision and evaluation of RICHARD YUENGLING. At all relevant times he was acting under color of state law and is being sued in both his individual and official capacity.

15.     Defendant STACEY JENKINS is an employee of the Pasco County Sheriff's Office in the grade of Major, under the supervision of the County Sheriff, Defendant CHRIS NOCCO, and was responsible for the supervision and evaluation of RICHARD YUENGLING. She at all relevant times was acting under color of state law and is being sued in both her individual and official capacity.

## Factual Allegations

16.     On January 21, 2022, Defendant KURT S. BROWNING, Superintendent of the Pasco County Schools,  sent a letter by email, on official Pasco County Schools letterhead, to REBECCA YUENGLING, informing her that because of her emails,  phone calls, public statements and posts on social media, her child, Plaintiff H.Y. was being transferred out of their zoned public schools, effective January 26, 2022. This letter is attached hereto. **(Exhibit  A)**

17.    REBECCA YUENGLING was also informed that her youngest child P.Y. would not be permitted to enter his zoned high school upon graduation from 8th grade. **(Exhibit A)**

18.    It is apparent from the face of the document itself that the actions taken against the Yuengling children by Defendant Browning were in retaliation against REBECCA YUENGLING's free speech concerning matters of public concern:

"Dear Mrs. Yuengling,

"Since the beginning of 2021-2022 school year, it has been evident that you are dissatisfied with Cypress Creek High School. Your voluminous emails (in excess of 500 pages), phone calls public statements and posts on social media are not only harassing in nature to administration and staff, but also disruptive to the learning environment for our students."

"Additionally, three employees, Ms. Kropik (Math), Ms. Floyd (World History), and Ms. Herzek (Criminal Justice), have sought circuit injunctions against you, all of which have been denied. Based on information received from Principal Hetzler-Nettles, your behavior has caused one of our math teachers to take leave and she has indicated that she will not be returning to the Pasco District. The continued false and outrageous allegations of wrongdoing by my employees can no longer continue."   **(Exhibit A)**

19.    Although the letter from defendant Browning claims that school employees previously attempted to secure injunctive relief regarding

REBECCA YUENGLING's free speech activities, a diligent search of the public court records on the Paso County clerk's website failed to reveal any such litigation.

20.    The decision to re-assign the Yuengling children was made without any administrative or legal safeguards, or the possibility of review, violating their rights to due process and equal protection.

21.    The Yuengling's were entitled to an appeal. The policy of the Pasco County Student Code of Conduct includes the Appeal Process and Appeal Rights of  reassigned students and their parents, and states:

> "Students that are subject to an assignment or re-assignment as the result of this process, and who disagree with the assignment or re-assignment will be afforded due process and have the right to request a hearing in front of an Independent Hearing Officer (IHO)."

A true and accurate copy of the Pasco County Student Code of Conduct, including appellate process and "appeal rights," is attached hereto.  **(Exhibit B)**

22.    According to the explicit terms of the Student Code of Conduct, the transfer is stayed, and the student is entitled to retain their current school assignment pending appeal. Under the heading of "Student Attendance During Appeal," the Student Code of Conduct  specifically states that:

"The student will return to school (OSS) resume normal class attendance (ISS) or resume bus transportation pending the school level appeal"

The appeal process, as described in the Student Code of Conduct contains a variety of procedural rights, none of which were accorded to either H.Y., or P.Y. or their parents**. (Exhibit B)**

23.    The minor Plaintiffs H.Y. and P.Y. were treated differently than other similarly situated students in the Pasco County Schools, by being denied the same due process rights applicable to all other students, as described in the Student Code of Conduct.

24.    The retaliation carried out against REBECCA YUENGLING by the defendants has resulted in having a chilling effect on her and other parents in the exercise of her free speech rights.

25.    On the evening of January 21, 2022, Plaintiff RICHARD YUENGLING lodged a formal appeal and request for a stay to school officials. The appeal request was emailed to KURT S. BROWNING and the following board members:   Megan Harding, Allen Altman, Cynthia Armstrong, Colleen Beaudoin, and Allison Crumbley  **(Exhibit C)**

26.    On January 24, 2022, RICHARD YUENGLING received an email from school superintendent, Defendant KURT S. BROWNING, stating that

his decision to reassign Richard's daughter H.Y. to an out of zone school was "non-appealable." See attached. **(Exhibit D)**

27.    On the same day, January 24, 2022, RICHARD YUENGLING also received an email from PASCO COUNTY SCHOOL BOARD Member Megan Harding again informing him that the decision was "not appealable." **(Exhibit E)**

28.    Other than the two emails noted above, neither parent received any further information about the status of the appeal, or the required stay, which had been requested pending the administrative appeal.

29.    On January 26th, 2022, H.Y. took her usual bus to Cypress Creek High School. Upon arrival she was escorted off the bus in tears by waiting school district officials and advised to call her parents to pick her up as she was no longer a student there.

30.    School District officials escorted plaintiff H.Y. to a conspicuous place outside of the school gates, where she was forced to wait for her mother to remove her from the vicinity of the school.

31.    Instead of taking the most direct route, or allowing her to wait inside, H.Y. was paraded, in what amounted to a humiliating "perp walk,"

witnessed by many members of the student body, including many of her friends.

32.   H.Y., a fourteen year old girl, first year of high school was crying, and was visibly upset.

33.   H.Y. remains excluded from Cypress Creek High School, and continues to be isolated from her friends, and to suffer a variety of harms as a result.

34.   As a result of the acts of retaliation by the defendants herein, the Yuengling children have experienced anxiety, shame, humiliation, emotional harm and damage to their reputations.

35.   On January 21, 2022, while RICHARD YUENGLING was at work at the Pasco County Courthouse, where he was employed as a Bailiff, he learned of Defendant Browning's email regarding his children.

36.   RICHARD YUENGLING notified his immediate supervisor about the matter, who gave him the number for an attorney affiliated with the Fraternal Order of Police, who in turn referred him to Attorney Frances Warner Watkins. The supervisor told Richard he would assist Richard with the matter and relieved Richard early that day so that he could address the matter involving his children.

37.    On January 25, 2022, plaintiff Richard filed an Emergency Motion and Complaint in Pasco County Court, filing the papers with the clerk while he was on an authorized break from work. **(Exhibit F)** The Motion was denied by the duty Judge, who ruled that it did not qualify as an emergency.

38.    On January 31st, 2022, after completing work for the day, but before leaving the courthouse, Richard filed an Amended Motion Requesting an Expedited Hearing for Injunctive Relief. **(Exhibit G)**

39.    Since RICHARD YUENGLING always changed his clothes after returning home, he was still in uniform when he filed the papers with the clerk.

40.    At approximately 4pm, on January 31, 2022, process server Barry Roach arrived at the courthouse for the paperwork to serve the School Board and Superintendent Browning. RICHARD YUENGLING informed his supervisor, Defendant ERIC SELTZER, who was present, what he was doing. Standing next to ERIC SELTZER was Attorney Frances Warner Watkins. While talking to Defendant Seltzer, Attorney Watkins intervened and told Richard that he should not file a lawsuit with Superintendent Browning, Attorney Watkins further told RICHARD YUENGLING that

Defendant KURT S. BROWNING is a person Richard "shouldn't mess with" because he was very connected and was a former Secretary of State under former Governor Charlie Christ.

41.    Defendant ERIC SELTZER agreed and stated that RICHARD YUENGLING should focus on getting the children into Dayspring Academy. Dayspring Academy is a charter school where both Defendant ERIC SELTZER and Attorney Watkins volunteer on the board. Said school is funded in part by the Pasco County School District.

42.    Attorney Watkins asked to view RICHARD YUENGLING's motion, but Richard denied her request. However, Richard advised both the Defendant ERIC SELTZER and Attorney Watkins that it was not his intention to sue but to get his daughter back into her zoned school, because she was suffering severely with her mental health, and that, as her Father, he was trying to help her.

43.    Just after the conversation, Richard handed the paperwork to process server Barry Roach that was to be served on the board and Superintendent on February 1, 2022.

44.    On February 1,  2022, at approximately 4 pm, right after the board members had been served with the court papers seeking to keep H.Y.

at her local school, Plaintiff RICHARD YUENGLING was called into a room with Defendant CHRIS JOYAL and Defendant ERIC SELTZER. Seltzer advised RICHARD YUENGLING that effective February 2, 2022, he would be transferred to jail duty for an indefinite period of time.

45.     Both Defendants Joyal and Seltzer refused to answer any of RICHARD YUENGLING'S questions, however Defendant Seltzer stated to him that "You are a smart person and you'll figure it out."

46.     On February 4, 2022, intimidated by the previous conversations with Attorney Frances Warner Watkins, Captain ERIC SELTZER and Lt CHRIS JOYAL, and the demotion to jail duty, and fearful of future reprisals from defendant school and sheriff officials, RICHARD YUENGLING filed a voluntary discontinuance of the Florida action seeking to keep his daughter at her local school.

47.     On February 22, 2022 Richard was advised that he was under an Internal Affairs investigation by a detective Jay Scott, report numbers IA 2022-006 (A) and IA 2022-006 (B) for doing personal business while in Uniform that started with the events on January 31, 2022, the day he spoke to Captain Seltzer, Attorney Francis Warner Watkins and provided the paperwork to Process Server Barry Roach.

48.     The accusation that RICHARD YUENGLING had violated the rule against wearing his uniform while doing personal business was a mere pretext to provide apparent legitimacy for the retaliation being directed at him. There are numerous examples within the Sheriff's office of employees wearing their uniform, often in egregious situations, and yet who received no discipline, appearing as a party in family court, disputing traffic tickets, testifying in their own divorce proceedings, shopping for major purchases such as automobiles, handling banking transactions, and doing various errands. They also include numerous transactions with the county clerk, the exact thing that RICHARD YUENGLING did.

49.     As part of the investigation, Plaintiff RICHARD YUENGLING agreed to proceed by being shown numerous videos, with one including him talking to Captain Seltzer and Attorney Watkins.

50.     On or about March 15, 2022, RICHARD YUENGLING was called into the administration office at the jail and spoke with Lt Joyal and Captain Seltzer, who had advised him of the results of the Internal Affairs investigation. He  was given a Letter of reprimand and Letter of counseling for violating General Order 26.1 2 Rules and regulations: A. Neglect of Duty Offenses, Failure to follow general orders and Specifically General Order

15

22.8 Certified Uniform and Personal Appearance. He was then told that his transfer to the jail would be permanent.

51.     RICHARD YUENGLING had been a Bailiff assigned to the court for approximately 14 years, enjoyed an excellent reputation and had a good working relationship with the various judges and court personnel. His annual evaluations had been excellent during the twenty-two years that he had been employed as a deputy by the Pasco County Sheriff. He had never been the subject of any complaints, and was one of the most senior bailiffs assigned to the court.

52.     RICHARD YUENGLING questioned the Defendant Captain ERIC SELTZER as to why he was being transferred and was told that it was because he "knew too much," "knew his way around the courthouse too good" and because of "what happened."

53.     As with his children's re-assignment to out of zone schools, RICHARD YUENGLING was told by Captain ERIC SELTZER that his permanent transition to jail duty was not disciplinary in nature. Richard disagreed and requested to appeal to the Major.

54.     Major STACEY JENKINS declined RICHARD YUENGLING's appeal, saying she would take Captain Seltzer's recommendation.

55.     RICHARD YUENGLING was afforded no other opportunity to challenge the actions taken against him, and it was clear to him that further attempts would be futile.

56.     On March 21, 2022, RICHARD YUENGLING was called into the Captains office at the jail and signed an Acknowledgement of receipt of  the internal affairs investigation report.

57**.**     On March 25, 2022,  Pasco County Sheriff Nocco announced that the Pasco County Jail will switch from Sheriff to County oversight, citing financial concerns as a reason for the change. The change is set to take effect October 1, 2022.

58.     Under the circumstances presented, RICHARD YUENGLING believed that it was necessary for him to resign, in order to protect himself from the likelihood of additional adverse consequences and unfounded disciplinary complaints that could have placed his pension in jeopardy.

59.     On May 10, 2022, believing that his employment was untenable RICHARD YUENGLING submitted his 2 weeks resignation letter, but requested to retire from the Sheriff's office and not FRS (Florida retirement system). He also requested to keep his gun and badge after 22 years of service pursuant to General Order 22.2 (f) retirement benefits.

60.     Had RICHARD YUENGLING continued in his assignment at the county jail, he would have lost his status as a Deputy Sheriff, and been reclassified as a Corrections Officer, and faced other adverse consequences.

61.     Defendant STACEY JENKINS made a notation that RICHARD YUENGLING did not qualify for General Order 22.2 (e) that refers to the Florida Retirement System requirement of 25 years' service. She also noted he did not qualify to keep his duty firearm after retirement because he was assigned to the jail.   Additionally, his request for the Pasco Sheriff's ceremonial benefit was denied with Sheriff Nocco's signature.

62.     There have been numerous examples of employees of the Pasco County Sheriff being allowed to retire, and being allowed to keep their gun and badge, and to receive the ceremonial benefits, without having the full 25 years of service under General Order 22.2 (e)

63.     The forced retirement, and loss of benefits has placed RICHARD YUENGLING in a false light, and has impacted his reputation in the law enforcement community.

64.     As can be seen from the allegations in the preceding paragraphs, it is clear that there was a concerted and coordinated effort to retaliate against RICHARD YUENGLING, and his wife REBECCA YUENGLING by

employees of both the Pasco County Sheriff's Office, and the Pasco County School District for the exercise of their constitutionally protected First Amendment rights.

65. The existence of a retaliatory conspiracy directed against the plaintiff's by the  defendants herein is further demonstrated by the existence of two email messages obtained by the plaintiffs under the Florida Freedom of Information Act, clearly showing coordination between JEFF HARRINGTON the Chief Deputy and second in command of the Pasco County Sheriff's office, and his opposite number RAY GADD, who is the second highest official in the Pasco County Schools, which reveal that REBECCA YUENGLING was being monitored for her activities, which were protected by the First Amendment, and that were in no way criminal, or a proper subject for surveillance by police officials. **(Exhibit I)**

66. As a result of the foregoing, the plaintiff's constitutional rights have been violated, they are entitled to injunctive relief, and they have sustained damages that are compensable by a money judgment.

## <u>COUNT ONE</u>

<u>(42 U.S.C. § 1983) Conspiracy to Retaliate against Plaintiffs for protected Speech and to Petition the Government For redress of Grievances</u>
(Against All Defendants)

67.   Plaintiffs incorporate all of the preceding allegations by reference as if set forth in full.

68.   The allegations contained in preceding paragraphs show a violation of the Federally Guaranteed First Amendment rights to Free Speech and to Petition the Government for Redress of Grievances, and the right to Equal Protection of the Law, perpetrated against the plaintiffs by the defendants herein.

69.   The agreement among the defendants is shown by the obvious coordination among themselves, the statements that have been made by them, the draconian punishments that have been imposed for trivial accusations, and the acts made in furtherance of their plan of retaliation against the plaintiffs for exercising their First Amendment rights.

70.   There have been actionable wrongs carried out against the plaintiffs herein, resulting in the deprivation of constitutionally protected rights, economic loss, emotional distress, and damage to reputation, all as alleged above.

## COUNT  TWO

(42 U.S.C. § 1983) (First Amendment Speech: Retaliation against Plaintiff
REBECCA YUENGLING)
(Against Defendants Browning, School Board, Gadd)

71.    Plaintiffs incorporate all of the preceding allegations by reference as if set forth in full.

72.    REBECCA YUENGLING engaged in protected First Amendment activity when she made public statements and sent emails, as alleged by defendant KURT S. BROWNING.

73.    Plaintiff REBECCA YUENGLING sustained a violation of her First Amendment right to free speech, by the named defendants herein, through their retaliation, against her and the members of her family, and the resulting chilling of her exercise of free speech rights.

74.    Each and every defendant named herein was a government employee, and all of them were acting under color of state law.

## COUNT THREE

### (42 U.S.C. § 1983) First Amendment Speech: Freedom to Petition & Retaliation against Plaintiff   RICHARD YUENGLING
(Against Defendants Sheriff's Office, Nocco, Seltzter, Joyal, Jenkins, Harrington)

75.    Plaintiffs incorporate all of the preceding allegations by reference as if set forth in full.

76.    RICHARD YUENGLING engaged in protected First Amendment activity when he filed a legal action to protect his daughter, because that legal action was brought as a petition to the government to redress grievances.

78.     CHRIS NOCCO and the defendants employed in the PASCO COUNTY SHERIFF'S OFFICE retaliated against RICHARD YUENGLING for the exercise of protected First Amendment Rights, and constructively discharged him by deliberately making working conditions so intolerable that a reasonable person would have felt compelled to resign.

79.     Defendant's exposed RICHARD YUENGLING to shame, obloquy and contempt in the law enforcement community when they declined his ceremonial benefits, and made it appear that he was a disreputable person, and subjected him to economic loss.

80.     Each and every defendant named herein was a government employee, and all of them were acting under color of state law.

## COUNT FOUR

### EQUAL PROTECTION CLAIM ON BEHALF OF MINOR PLAINTIFF'S H.Y. AND P.Y

81.     Plaintiffs incorporate all of the preceding allegations by reference as if set forth in full.

82.     Through state action, carried out by defendant KURT S. BROWNING, and other employees of the  PASCO COUNTY SCHOOL BOARD,  the Minor Plaintiff's H.Y. and P.Y. have been treated disparately, and  were intentionally treated differently that all other similarly situated students through being denied their due process rights as established by the PASCO COUNTY SCHOOL BOARD.

83.    There was no rational basis for the denial of due process to H.Y. and P.Y.

84.    The denial of due process by the defendants was done intentionally, and in furtherance of the retaliation being carried out against their mother, plaintiff REBECCA YUENGLING.

## COUNT FIVE

### (42 U.S.C. § 1983)Violation of Plaintiffs' Fourteenth Amendment Due Process Rights
(Against Defendants School Board, Browning, Gadd)

85.    Plaintiffs incorporate all of the preceding allegations by reference as if set forth in full.

86.    The re-assignment of the Minor Plaintiffs H.Y. and P.Y. was done in violation of the 14th Amendment Right to Due Process of Law, and in violation of their constitutionally protected rights to liberty and property.

87.    The violation of these constitutionally protected rights was done by officials and employees of the PASCO COUNTY SCHOOL BOARD, and constitutes State Action.

88.    There was no notice and no opportunity to be heard, and the actions of KURT S. BROWNING and the PASCO COUNTY SCHOOL BOARD were capricious and arbitrary.

89.     The actions of KURT S. BROWNING and the PASCO COUNTY SCHOOL BOARD bore no rational relationship to the procedural rules promulgated in the Student Code of Conduct **(Exhibit B).**

**WHEREFORE**, the Plaintiffs respectfully request:

(1) Temporary, preliminary and permanent injunctions restoring Plaintiffs H.Y. and P.Y. to their present and future zoned local schools.

(2) Nominal damages.

(3) From all Defendants, compensatory damages in an amount subject to proof, including emotional distress.

(4) From Defendants, punitive damages in an amount subject to proof.

(5) Attorneys' fees and costs pursuant to *42 U.S.C. § 1988*, and pre- and post-judgment interest as allowed by law.

(6) Such alternative or additional relief as is necessary, just or proper.

### JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated August 5, 2022.



CHILDERS LAW, LLC
2135 NW 40th Terrace, Suite B
Gainesville, Florida 32605
tel. 866-996-6104

fax 407-209-3870

*/s/ Seldon J. Childers*
Seldon J. Childers
Florida Bar No. 61112
jchilders@smartbizlaw.com
notice@smartbizlaw.com


*/s/ Jonathan O'Brien*
Jonathan O'Brien, Esq.
Law Office of Jonathan O'Brien
745 Fifth Avenue, Suite 500
NY, NY 10151
E: jobrien@burnsobrienlaw.com
T: 610-368-2988
Pro Hac Vice Application
Pending