[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10247

Non-Argument Calendar

_____

RICHARD YUENGLING,
individually and as parent guardian of their
minor children, H.Y and P.Y,
REBECCA YUENGLING,
individually and as parent guardian of their
minor children, H.Y and P.Y,

Plaintiffs-Counter Defendants-Appellees,

*versus*

PASCO COUNTY SCHOOL BOARD,
et al.,

Counter Claimants-Defendants,

2                          Opinion of the Court                    24-10247

ERIC SELTZER,
officially asPasco County Sheriff's employees,
CHRIS JOYAL,
officially as Pasco County Sheriff's employees,
SARGENT STACEY JENKINS,
officially as Pasco County Sheriff's employees,
RACHEL FLOYD,
In her official capacity as teacher,
PATRICK MARSHELLO, et al.,

                                              Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-01787-MSS-SPF

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Richard and Rebecca Yuengling filed this 42 U.S.C. § 1983 lawsuit alleging certain employees of the Pasco County Sheriff's Office and the Pasco County School Board violated their constitutional rights and those of their minor children. The Defendants filed motions to dismiss based both on the Yuenglings' failure to state claims on which relief could be granted, and the qualified

24-10247                Opinion of the Court                3

immunity of the government officials sued in their individual capacities. In an order dated September 29, 2023, the district court granted the motions to dismiss in part and denied them in part. However, the court reserved ruling on the qualified immunity issue, stating "Defendants' claims of qualified immunity are **TAKEN UNDER FURTHER ADVISEMENT,** and a hearing may be set by separate notice." The order also stated "[t]he only issue that remains to be decided is qualified immunity. The Court will resolve this issue by separate Order." The September 29 order was unclear as to when the separate order on qualified immunity would be entered.

Consequently, on November 22, 2023, the Yuenglings filed a Motion for Clarification or in the Alternative for Leave to begin Discovery. The district court granted that motion on December 28, 2023, stating, among other things, the following:

> In light of the Court's September 29, 2023 Order resolving the pending motions to dismiss, this case shall resume in the normal course and the Parties' discovery obligations are REINSTATED. The issue of qualified immunity is under advisement and the Court's assessment of this issue will be aided by further discovery.

As a result of the December 28, 2023, order, it became clear that the qualified immunity issue was not going to be ruled upon at the motion to dismiss stage. On January 23, 2024, Pasco County Sheriff's Office employees Captain Eric Seltzer, Lieutenant Christopher Joyal, Major Stacey Jenkins, and Sergeant Patrick Marshello (Sheriff

4                      Opinion of the Court                    24-10247

Appellants), and Pasco County School Board employees Kurt Browning, Ray Gadd, Carin Hetzler-Nettles, and Rachel Floyd (School Board Appellants) timely appealed the district court's December 28, 2023, clarification order that reserved ruling on the issue of qualified immunity and its determination the qualified immunity issue will be aided by further discovery.[1]

As an initial matter, we have jurisdiction over this appeal. Requiring defendants to further defend from liability while a qualified immunity issue remains pending is effectively denying qualified immunity. *See Howe v. City of Enterprise*, 861 F.3d 1300, 1301 (11th Cir. 2017). "To the extent it turns on a question of law, a denial of qualified immunity at the motion to dismiss stage is an immediately appealable order." *Corbitt v. Vickers*, 929 F.3d 1304, 1309 n.2 (11th Cir. 2019). "This is true even if the district court 'reserved ruling on a defendant's claim to immunity' until a later stage of litigation because the 'immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted.'" *Id.* (quoting *Howe*, 861 F.3d at 1302).

---

[1] We reject the Yuenglings' contention that the appeal is untimely as the Sheriff Appellants and School Board Appellants should have appealed after the September 29, 2023, order on the motion to dismiss. It was unclear from the language in that order whether another order on qualified immunity was immediately forthcoming, necessitating the Yuenglings' own motion for clarification as to the next steps in litigation. It did not become clear until the December 28, 2023, clarification order that a ruling on qualified immunity was not occurring before discovery began.

The district court's deferral of a ruling on qualified immunity violates the Sheriff Appellants' and School Board Appellants' rights not to be subjected to litigation beyond the point at which immunity is asserted. *See Corbitt*, 929 F.3d at 1309 n.2; *Howe*, 861 F.3d at 1302-03. The district court erred by reserving its ruling on qualified immunity and allowing discovery to proceed. The district court's order dated December 28, 2023, is vacated to the extent it defers ruling on qualified immunity and reinstates the parties' discovery obligations. On remand, the district court should rule on the Sheriff Appellants' and School Board Appellants' qualified immunity defenses.

**VACATED IN PART AND REMANDED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 19, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  24-10247-JJ
Case Style:  Richard Yuengling, et al v. Eric Seltzer, et al
District Court Docket No:  8:22-cv-01787-MSS-SPF

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellee(s) / Respondent(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>
| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion