**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RICHARD YUENGLING** and **REBECCA YUENGLING,** individually and as parent/guardians of their minor children, **H.Y. and P.Y.,**

**Plaintiffs,**

**v.** **Case No: 8:22-cv-1787-MSS-SPF**

**PASCO COUNTY SCHOOL BOARD, KURT S. BROWNING, RAY GADD, CARIN HETZLER-NETTLES, KELSEY MORRISON, LINDA KROPIK, RACHEL FLOYD, ERIC SELTZER, CHRIS JOYAL, STACEY JENKINS, and PATRICK MARSHELLO,**

**Defendants.**

---

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Notice, (Dkt. 143), in Response to the Court's Order, (Dkt. 142), and Defendants' Motion to Strike the Notice. (Dkt. 145) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendants' Motion to Strike. Upon consideration of Plaintiffs' Notice, the Court hereby **DIRECTS** the Clerk to **ENTER JUDGMENT** for Defendants.

While the Court only requested Plaintiffs file a notice with factually analogous authority as to Count I, in an abundance of caution, the Court will address the cases

Plaintiffs provided for Counts II, III, and V as well.[1] Therefore, Defendants' Motion to Strike Plaintiffs' Notice because it exceeds the scope of the Court's Order is **DENIED**.

Next, the Court notes that to determine whether the law is clearly established by materially similar precedent in the Eleventh Circuit, the Court may only look to decisions of the Supreme Court, the Eleventh Circuit, or the relevant state supreme court. City of Escondido v. Emmons, 586 U.S. 38 (2019); Thomas ex rel. Thomas v. Roberts, 323 F.3d 950, 955 (11th Cir. 2003). Thus, the Court will not address: Brazell-Hill v. Parsons, No. 2:17-CV-912, 2020 WL 4748545, at *11–12 (S.D. Ohio Aug. 17, 2020); Lewis v. Eufaula City Bd. of Educ., 922 F. Supp. 2d 1291, 1303 (M.D. Ala. 2012); McElhaney v. Williams, 81 F.4th 550, 559 (6th Cir. 2023); or Gaston v. Fnu Knight, Case No.: 5:23-cv-369-WFJ-PRL, 2026 WL 503330, *3 (M.D. Fla. Feb. 24, 2026).

Of the two remaining cases cited by Plaintiffs for Count I, only Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005) discusses First Amendment speech retaliation. This case was cited in the Court's Order on page seven and page fourteen. (Dkt. 142) Bennett stands for the broad proposition that First Amendment speech retaliation is unconstitutional, but that is not sufficient to put the Defendants on notice of clearly established law, as required under recent Supreme Court precedent. See, e.g., Zorn v. Linton, 607 U.S. --, 2026 WL 795469, at *2 (Mar. 23, 2026); District of

[1] However, the Court cautions Plaintiffs to be sure to follow Court Orders in the future.

Columbia v. Wesby, 538 U.S. 48, 63-64 (2018) ("We have repeatedly stressed that courts must not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.") (quotations omitted). The other case cited is both not on point and was decided after the Defendants' alleged conduct occurred. See Mahmoud v. Taylor, 606 U.S. 522, 530 (2025) (First Amendment free exercise of religion case).

As to Count II, the Court found Sheriff Defendants were entitled to qualified immunity because it was not clearly established that the speech of Plaintiff Mr. Yuengling was protected. None of the cases cited by Plaintiffs change the Court's holding. See Akins v. Fulton Cnty, Ga., 420 F.3d 1293 (11th Cir. 2005) (finding the speech was on a matter of public concern because the plaintiffs requested a special meeting to discuss the irregularities plaintiffs noticed as county employees with a public official who was a member of the county's governing body); Bailey v. Wheeler, 843 F.3d 473 (11th Cir. 2016) (no discussion of First Amendment retaliation in the context of employment); Bell v. Sheriff of Broward Cnty., 6 F.4th 1374 (11th Cir. 2021)[2] (affirming the district court's dismissal of the case because there was no adverse action for a First Amendment retaliation claim); Baldwin v. Blue Cross/Blue Shield of Ala., 480 F.3d 1287, 1301 (11th Cir. 2007) (affirming the district court's grant of

[2] This case was cited by the Court on page thirteen of its Order for the general principal that the First Amendment prohibits government officials from retaliating against individuals for engaging in protected speech. (Dkt. 142 at 13)

summary judgment for defendant because there was no retaliation against plaintiff); Cate v. Oldham, 707 F.2d 1176, 1187–1189 (11th Cir. 1983) (arises from a malicious prosecution case, and only discusses First Amendment retaliation as irreparable injury in the context of preliminary injunctive relief); Saucier v. Katz, 533 U.S. 194, 201 (2001) (excessive force case that sets forth the, now abrogated, test for qualified immunity).

As to Plaintiffs' procedural due process claim against Defendant Browning, Count III, the Court found that the decision to reassign H.Y. and P.Y. without a hearing or right of appeal did not violate clearly established law. The cases cited by Plaintiffs do not change the Court's decision here. See Burney v. Polk Cmty. Coll., 728 F.2d 1374, fn. 11 (11th Cir. 1984) (discussing plaintiff's due process right to a hearing in front of an impartial decisionmaker before being terminated from his employment as a guidance counselor with the school defendant); Griffin v. Illinois, 351 U.S. 12, 37 (1956) (finding due process requires indigent criminal defendants the right to be afforded as adequate appellate review as defendants who can afford to purchase court transcripts); Mahmoud v. Taylor, 606 U.S. 522, 530 (2025) (First Amendment free exercise of religion case and decided after the conduct at issue).

Finally, the Court found that as to Count V, the broad, clearly established principles regarding a student's right to be free from compelled speech were not sufficiently similar to be clearly established. The cases cited by Plaintiffs do not change the Court's holding. See 303 Creative LLC v. Elenis, 600 U.S. 570, 602–03 (2023) (compelled speech case decided after the conduct at issue that discusses the

government requiring plaintiff to abandon her strongly held religious beliefs and speak the government's preferred message); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265, 1268–1269 (11th Cir. 2004)[3] (finding students have the First Amendment right to refuse to say the Pledge of Allegiance); Mahmoud v. Taylor, 606 U.S. 522, 530 (2025) (first amendment free exercise of religion case and decided after the conduct at issue); W. Va. State Bd of Educ. v. Barnett, 319 U.S. 624, 642 (1943) (finding that requiring school children, regardless of religion, to stand, salute the American flag, and recite the pledge of allegiance or be expelled and subject to juvenile delinquency proceedings is unconstitutional under the First Amendment); Wooley v. Maynard, 430 U.S. 705, 714 (1977) (holding the state may not require a person to display an ideological message on his private property "for the express purpose that it be observed and read by the public").

Accordingly, the Court **DISMISSES** Counts I, II, III, and V on the basis of Defendants' qualified immunity for the reasons stated in the Court's February 27, 2026 Order, which is incorporated herein by reference, (Dkt. 142), and **DIRECTS** the Clerk to enter Judgment for Defendants.

**DONE** and **ORDERED** in Tampa, Florida this 15th day of May 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[3] This case is cited throughout the Court's Order on pages five, eleven, twenty-six, and twenty-seven. (Dkt. 142 at 5, 6, 26, 27)

**Copies furnished to:**
Counsel of record
Any unrepresented party