**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RICHARD YUENGLING** and **REBECCA YUENGLING,** individually and as parent guardians of their minor children, **H.Y.** and **P.Y.,**

Case No. 8:22-cv-01787-MSS-SPF

Plaintiffs,

vs.

**PASCO COUNTY SCHOOL BOARD, KURT S. BROWNING, RAY GADD, CARIN HETZLER-NETTLES, KELSEY MORRISON, LINDA KROPIK, RACHEL FLOYD, ERIC SELTZER, CHRIS JOYAL, STACEY JENKINS,** and **PATRICK MARSHELLO,**

Defendants.

_______________________________________/

**PLAINTIFFS' MOTION TO ALTER OR AMEND A JUDGMENT AND MOTION TO REVISE / RECONSIDER**

COME NOW, Plaintiffs, RICHARD YUENGLING and REBECCA YUENGLING, individually and as parent guardians of their minor children, H.Y. and P.Y. ("Plaintiffs"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 59(e) and Federal Rule of Civil Procedure 54(b) and the inherent authority of this Court, hereby move to the Court to alter or

amend the May 18, 2026, Judgment [Dkt. 147] and to revise or reconsider the Court's underlying orders entered February 27, 2026 [Dkt. 142] and May 15, 2026 [Dkt. 146], and grant Plaintiffs leave to amend their Second Amended Complaint[1] and in support thereof state as follows.

## PROCEDURAL BACKGROUND

1. On August 5, 2022, Plaintiffs commenced this action by filing their Complaint for Preliminary and Permanent Injunctive Relief, Damages, Attorney's Fees, and Demand for Jury Trial (the "Complaint"). [Dkt. 1].

2. Concurrently with the Complaint, Plaintiffs filed an Emergency Motion for Temporary Restraining Order. [Dkt. 5]. The parties resolved the issues raised by that motion through a settlement facilitated by United States Magistrate Judge Porcelli, and on September 2, 2022, and the Court denied the motion as moot by stipulation. [Dkt. 28].

3. On October 3, 2022, Plaintiffs filed their First Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). [Dkt. 52].

4. On November 9, 2022, Defendants filed three Motions to Dismiss the First Amended Complaint: (a) the School District Defendants' (Browning, Gadd,

[1] Attached hereto as **Attachment 1** is Plaintiffs' proposed Third Amended Complaint ("TAC") with tracked changes reflecting the changes from the Second Amended Complaint. **Attachment 2** is the TAC in a clean version incorporating all changes.

Hetzler-Nettles, Morrison, Kropik, and Floyd) Motion to Dismiss [Dkt. 56]; (b) the Pasco County School Board's (the "School Board") Motion to Dismiss [Dkt. 55]; and (c) the Sheriff Defendants' (Seltzer, Joyal, Jenkins, and Marshello) Motion to Dismiss. [Dkt. 54].

5. In mid-to-late December 2022, Plaintiffs lost contact with their then-lead counsel, who could not be located, and Plaintiffs correspondingly missed the December 14, 2022, deadline to respond to the Defendants' various motions to dismiss.

6. On December 27, 2022, the Court, *sua sponte*, entered a Show Cause Order directing Plaintiffs to file responses to the Motions to Dismiss and to explain why the responses were untimely. [Dkt. 60].

7. Through newly appearing counsels (the undersigned), on December 30, 2022, Plaintiffs filed their Response to Show Cause Order and Emergency Motion for Extension of Time, which the Court granted. [Dkt. 62; 63].

8. While preparing Plaintiffs responses to Defendants' various motion to dismiss, Plaintiffs' newly appearing counsels determined that it was in Plaintiffs' best interest to substantially amend the First Amended Complaint. On January 23, 2023, Plaintiffs filed their Motion for Leave to Amend their First Amended Complaint, with the proposed Second Amended Complaint ("SAC")

attached. [Dkt. 65; Dkt. 65-1]. The SAC was prepared on an accelerated basis over a 12-day period while newly appearing counsel were familiarizing themselves with the case file and simultaneously preparing responses to each of the three motions to dismiss, which remained pending at that time. [*Id.*]

9. The Court granted Plaintiffs' Motion for Leave to Amend and denied as moot the three pending Motions to Dismiss the First Amended Complaint. [Dkt. 65; 65-1; 70].

10. Defendants again filed motions to dismiss, this time directed at the SAC. Specifically: (a) the School District Defendants (Browning, Gadd, Hetzler-Nettles, Morrison, Kropik, and Floyd) filed their Motion to Dismiss & Incorporated Memorandum of Law [Dkt. 74]; (b) the Pasco County School Board filed its Motion to Dismiss [Dkt. 75]; and (c) the Sheriff Defendants (Seltzer, Joyal, Jenkins, and Marshello) filed their Motion to Dismiss [Dkt. 76].

11. On September 29, 2023, the Court entered its Order Granting in Part and Denying in Part the Motions to Dismiss the SAC. [Dkt. 93]. As relevant here, the Court ruled as follows:

a. The School District Defendants' Motion [Dkt. 74] was granted in part and denied in part. Count V (H.Y.'s First Amendment compelled-speech claim) was dismissed with prejudice as to

Defendants Morrison and Kropik, and the Clerk was directed to terminate those Defendants. [Dkt. 93 at 47–48].

b. The Pasco County School Board's Motion [Dkt. 75] was denied in its entirety. [Dkt. 93 at 47].

c. The Sheriff Defendants' Motion [Dkt. 76] was granted in part and denied in part. Count II (First Amendment retaliation) was dismissed with prejudice as asserted by Mrs. Yuengling and was held sufficiently pleaded as asserted by Mr. Yuengling; and Count IV (Mr. Yuengling's procedural due process claim) was dismissed without prejudice with twenty-eight (28) days to replead.[2] [Dkt. 93 at 47].

d. The Court took the issue of qualified immunity—a basis for dismissal that was raised by each of the individual Defendants—under advisement. [Dkt. 93 at 47–48].

12. Following the September 29, 2023 Order, the following claims remained: Count I—Mrs. Yuengling's First Amendment retaliation claim against the Pasco County School Board, Browning, Gadd, and Hetzler-Nettles; Count II—Mr. Yuengling's First Amendment retaliation claim against the Sheriff Defendants (Seltzer, Joyal, Jenkins, and Marshello); Count III—H.Y.'s and P.Y.'s procedural

[2] Plaintiffs did not replead Count IV.

due process claim against the Pasco County School Board and Browning; and Count V—H.Y.'s First Amendment compelled-speech claim against the Pasco County School Board, Hetzler-Nettles, and Floyd. [Dkt. 93 at 46–47].[3] Defendants Morrison and Kropik were terminated from the case. [Dkt. 93 at 48].

13. On November 22, 2023, Plaintiffs filed their Motion for Clarification or in the Alternative for Leave to Begin Discovery ("Motion for Clarification"), seeking clarification for how the case was to proceed after the issuance of the September 29, 2023, Order. [Dkt. 106].

14. On December 28, 2023, the Court entered an Endorsed Order granting Plaintiffs' Motion for Clarification. [Dkt. 117]. The Court directed that the case "shall resume in the normal course and the Parties' discovery obligations are REINSTATED," that "[t]he issue of qualified immunity is under advisement," and that the Court's "assessment of this issue will be aided by further discovery." [Dkt. 117].

15. On January 23, 2024, the Sheriff Defendants and the School District Defendants filed notices of interlocutory appeal of the December 28, 2023, Order. [Dkts. 125, 126]. The appeal was docketed in the United States Court of Appeals for the Eleventh Circuit as Case No. 24-10247.

[3] *See* [Dkt. 142 at 3 n.4] (correcting the conclusion of [Dkt. 93] to reflect that H.Y.'s Count V claim survived against Floyd, not Morrison).

16. On November 19, 2024, the Eleventh Circuit issued its Opinion, vacating in part and remanding. [Dkt. 134]. The Eleventh Circuit held that this Court's "deferral of a ruling on qualified immunity" violated the Sheriff Appellants' and School Board Appellants' "rights not to be subjected to litigation beyond the point at which immunity is asserted," and directed that, on remand, this Court "should rule on the Sheriff Appellants' and School Board Appellants' qualified immunity defenses." [Dkt. 134 at 5].

17. On December 18, 2024, the Eleventh Circuit's mandate issued and was entered on the docket in this case. [Dkt. 135].

18. On February 27, 2026, the Court entered its Order on remand resolving qualified immunity. [Dkt. 142]. The Court granted the School District Defendants' Motion to Dismiss [Dkt. 74] and the Sheriff Defendants' Motion to Dismiss [Dkt. 76], and dismissed Counts I, II, III, and V on the basis of qualified immunity, subject to a fourteen-day abeyance during which Plaintiffs could "present factually analogous authority" as to Count I only. [Dkt. 142 at 28–29]. The Court expressly declined to address "the claims that remain against the Pasco County School Board." [Dkt. 142 at 3 n.3].

19. After the February 27, 2026, Order (assuming that the 14-day abeyance period would pass without change to the Order) the status of the remaining Defendants was as follows:

a. The individual School District Defendants—Browning, Gadd, Hetzler-Nettles, and Floyd—were dismissed on qualified immunity grounds on Counts I, III, and V. [Dkt. 142 at 28].

b. The Sheriff Defendants—Seltzer, Joyal, Jenkins, and Marshello—were dismissed on qualified immunity grounds on Count II. [Dkt. 142 at 28].

c. Defendants Morrison and Kropik had been previously terminated. [Dkt. 93 at 48].

d. The claims against the Pasco County School Board on Counts I, III, and V, which were not addressed in the February 27, 2026 Order, [Dkt. 142 at 3 n.3], remained pending.

20. On May 15, 2026, the Court proceeded in accordance with its abeyance on February 27, 2026, and entered its Order dismissing Counts I, II, III, and V, on the basis of qualified immunity for the reasons stated in the February 27, 2026, Order, and directing the Clerk to enter Judgment for Defendants. [Dkt. 146].

21. On May 18, 2026, the Clerk entered Judgment in a Civil Case in favor of all Defendants (the "Judgement"). [Dkt. 147]. This Motion timely follows. *See* Fed. R. Civ. P. 59(e).

## MEMORANDUM OF LAW

### A. Summary of Argument

This Motion is brought under Federal Rule of Civil Procedure 59(e) because the Court appears to have unintentionally directed entry of final judgment as to all claims against all Defendants—including Defendant Pasco County School Board. The Court's February 27, 2026, Order expressly declined to address "the claims that remain against the Pasco County School Board," [Dkt. 142 at 3 n.3], and qualified immunity—the sole basis on which the Court dismissed Counts I, II, III, and V—is not available to the Pasco County School Board as a municipal entity. [Dkt. 142 & 146]. The Judgment therefore disposed of the Plaintiffs' live claims against the Pasco County School Board on Counts I, III, and V without a legal basis. [Dkt. 146; Dkt. 147]. For that reason, the Judgment should be vacated under Rule 59(e).

Because final judgment was not proper as to Defendant Pasco County School Board, the Court's May 15, 2026, Order (in conjunction with the Clerk's entry of Judgement on May 18, 2026) was a final judgment as to fewer than all claims or fewer than all parties under Federal Rule of Civil Procedure 54(b). Such

a partial judgment is only permissible "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Neither the February 27, 2026, Order nor the May 15, 2026, Order (nor any other determination by the Court) contained such determination. Consequently, the Judgement should be vacated under Rule 59(e) as to all Defendants for this reason as well.

If the Court vacates the Judgment under Rule 59(e), Plaintiffs also move pursuant to Rule 54(b) for the Court to revise and reconsider the two orders on which the Judgement was based—the February 27, 2026 Order and the May 15, 2026 Order. [Dkt. 142; Dkt. 146]. Under Rule 54(b), those orders will not have "end[ed] the action as to any of the claims or parties" and thus remain subject to "revis[ion] at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Plaintiffs further seek leave to file a TAC.

**B. Motion to Alter or Amend the Judgment.**

Federal Rule of Civil Procedure 59(e) permits a party to move to alter or amend a judgment, provided the motion is filed within 28 days of entry of the judgment. *Fed. R. Civ. P. 59(e)*. Rule 59(e) relief is available only on a showing of "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.

1999)). This standard is high, but it is met where, as here, the judgment reflects clear legal error and works manifest injustice. *See Id.*

As set forth in the Procedural Background above, the Judgment entered by the Clerk on May 18, 2026, was entered "in favor of Defendants"—that is, in favor of all Defendants, including the Pasco County School Board. [Dkt. 147]. But this Court has not yet adjudicated the merits of Plaintiffs' claims against the School Board. The Court denied the School Board's Motion to Dismiss "in its entirety." [Dkt. 93 at 47]. The February 27, 2026, Order on remand resolved qualified immunity only as to the individual School District Defendants and Sheriff Defendants and expressly stated that it "does not discuss" the claims surviving against the School Board. [Dkt. 142 at 3 n.3]. The May 15, 2026, Order [Dkt. 146] likewise resolved qualified immunity only as to the individual defendants. The Judgment therefore extends to a party—the School Board—against whom no claim has been resolved on the merits.

Entry of judgment in favor of a party against whom no claim has been adjudicated is clear legal error and manifest injustice. The Judgment should accordingly be altered and amended to vacate the entry of judgment in favor of the Pasco County School Board on Counts I, III, and V, and to make clear that the claims against the Pasco County School Board remain pending.

The vacation of the Judgment against Pasco County School Board will render the Judgement a final judgment as to fewer than all claims or fewer than all parties under Federal Rule of Civil Procedure 54(b). Such a partial judgment is only permissible "if the court expressly determines that there is no just reason for delay" in rendering judgment. Fed. R. Civ. P. 54(b). Because no such express determination was made in either the February 27, 2026 Order or the May 15, 2026 Order, the Court should vacate the Judgment as to all Defendants.

### C. Motion for Reconsideration Under Rule 54(b)

Federal Rule of Civil Procedure 54(b) permits the entry of final judgment "as to one or more, but fewer than all, claims or parties" only upon "an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). Absent that determination, an order or other decision "does not end the action as to any of the claims or parties" and may be revised at any time before the entry of a judgment adjudicating all the claims." *Id.* Reconsideration of such orders are committed to the sound discretion of the Court. *Region 8 Forest Timber Purchasers Council v. Alcock*, 993 F. 2d 800, 806 (11th Cir. 1993)

***(i) The Dismissals as to Counts I and II Should Be Without Prejudice.***

Plaintiffs respectfully submit that Counts I and II should not have been dismissed with prejudice by the orders of February 27, 2026, and May 15, 2026[4], and that Plaintiffs should be granted leave to amend the SAC to cure the factual gaps identified by the Court's qualified-immunity rulings.

The standard for granting leave to amend is very lenient. Rule 15(a)(2) provides that leave shall be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2). Recognized basis for refusal to amend are limited and include undue delay, bad faith, dilatory motive, undue prejudice, futility of amendment and repeated failure to cure deficiencies. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted). "The same standards [under Rule 15(a)] apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking

[4] The Defendants dismissed as to Count I were Browning, Gadd, and Hetzler-Nettles, and, as to Count II, the Sheriff Defendants (Defendants Seltzer, Joyal, Jenkins, and Marshello). Plaintiffs do seek Rule 54(b) revisions or reconsideration of the dismissals with prejudice issued by the orders of February 27, 2026, and May 15, 2026, of Count III against Defendant Browning in his individual capacity or Count V against Defendants Carin Hetzler-Nettles or Defendant Floyd in their individual capacities. Plaintiffs also do not seek in this Rule 54(b) motion revisions or reconsideration of any other dismissals of parties or claims entered prior to the orders of February 27, 2026, and May 15, 2026. By filing this motion, Plaintiffs do not waive, abandon, forfeit, or otherwise affect any appellate rights with respect to dismissals of parties or claims in this case that are not the subject of this Rule 54(e) motion to revise / reconsider. Plaintiffs expressly reserve and preserve all rights to appeal all other dismissals in this case on any permissible basis.

the district court to vacate its order of dismissal pursuant to [Rule] 59(e)." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).

None of the factors provided above support a with-prejudice dismissal here. First, the February 27, 2026, Order [Dkt. 142] and the May 15, 2026, Order [Dkt. 146] were the first orders in which this Court addressed the qualified-immunity defense on the merits. The September 29, 2023, Order on the Motions to Dismiss expressly took the issue of qualified immunity "under advisement." [Dkt. 93 at 47–48]. Plaintiffs have thus not yet had the opportunity to amend their complaint in response to a merits ruling on qualified immunity. Leave to amend in light of a Court's first ruling on a contested issue is an appropriate amendment.

Second, neither the February 27, 2026 Order nor the May 15, 2026 Order contained a finding or discussion of futility.[5]

Third, Defendants themselves largely left the issue of futility unaddressed in their submissions. The only express futility argument in the Motions to Dismiss was directed at Count IV—which is not at issue here—and was rejected. [Dkt. 76 at 9; Dkt. 93 at 46]. The School District Defendants did not make an argument about futility in their motion instead urging the Court to deny Plaintiffs "a fourth bite at

[5] Plaintiffs requested leave to amend as alternative relief in their Consolidated Response to Defendants' Motion to Dismiss & Incorporated Memorandum of Law. [*See* Dkt. 86 at 3 & n.1; Dkt. 86 at 39 n.23]

the apple." [Dkt. 74 at 25]. The Sheriff Defendants' Reply argued only that Plaintiffs' change of counsel did not justify further amendment—not that amendment of the Second Amended Complaint could not be amended to state a claim or was otherwise futile. [Dkt. 92 at 6–7]. None of these assertions amount to a developed futility argument with respect to Counts I or II (or any count).

Fourth, amendment is not futile. Per the Court's order of February 27, 2026, the SAC's Count I failed to show that the First Amendment rights of Rebecca Yuengling that had been violated were "clearly established" at the time of the violation because such violations were not "plainly unconstitutional [to every reasonable official." [Dkt. 142 at 13]. New allegations contained in the proposed TAC now make clear that the violations of Rebecca Yuengling's rights were plainly unconstitutional. Specifically the TAC alleges that Deputy Superintendent Gadd's doxxing of Rebecca Yuengling took place after he had been advised not to do so by legal counsel [¶ 47]; that either Gadd or Browning arranged for a Sherrif Deputy's report on the School Board meeting where the doxxing took place to be doctored to paint Rebecca Yuengling in a particularly negative light [¶ 52]; that the reassignment of Hailey Yuengling was gratuitously punitive in that there were three equally suitable high schools closer to Cypress Creek than the one she was reassigned to, which was 20 miles away from Cypress Creek [¶ 60]; that Browning

has admitted in record testimony that the actions he took against Rebecca Yuengling were in retaliation for her speech [¶ 66]; that Browning, Gadd, and Hetzler-Nettles took no action to attempt to reverse the effects of their retaliatory action until entry into of the settlement agreement in this proceeding after the mediation before Magistrate Judge Porcelli on August 11, 2022, despite the public comments made by School District parents at the February 1, 2022 School Board meeting that put them on notice—if they were not already—of the broad chilling effect of their actions on School District parents. [¶ 142] In light of these new factual allegations, the violations of Rebecca Yuengling's First Amendment rights by Defendants Browning, Gadd, and Hetzler-Nettles were "plainly unconstitutional to every reasonable official." [Dkt. 142 at 13].

As to Count II, the Court's February 27, 2026, qualified immunity analysis found that the SAC falls short for failure to allege—as to the Sheriff Defendants—adequate knowledge of the contents of Richard Yuengling's lawsuit such that it would have been clear to a reasonable official that the lawsuit related to matter of public concern. [Dkt. 142 at 21-23]. The proposed TAC addresses this shortcoming. Specifically, it alleges that (i) Richard Yuengling discussed his case and described the content of his contemplated legal filings with both Defendant Captain Seltzer and Defendant Lieutenant Joyal prior to filing [¶¶ 77-78]; (ii)

Richard Yuengling discussed his case and described the content of his contemplated legal filings to other of his supervisors at the courthouse including Corporal Mark Mitchell, Corporal Kathy Ferguson, and Sergeant Bob Grady prior to filing [¶¶ 77-78]; (iii) Richard Yuengling discussed the contents of his filed lawsuit with Defendant Captain Seltzer while waiting to provide the filed copy to the process server for service on the School District [¶¶ 88-90]; (iv) the internal affairs file regarding the investigation—which Captain Seltzer had opened against Richard Yuengling and which was the pretextual basis for the punishment Captain Seltzer imposed on Richard Yuengling—contained copies of the lawsuit [¶ 112]; (v) the events surrounding Richard Yuengling's lawsuit were widely covered in local media [¶ 75 fn.3]; (vi) Major Jenkins reviewed Richard Yuengling's appeal of the punishment imposed on him by Captain Seltzer and Lieutenant Joyal and the internal affairs investigation, and her conversation with Richard Yuengling about that investigation displayed that she was familiar with the details of Richard Yuengling's lawsuit and had spoken with the investigator and other of Richard Yuengling's supervisors about the investigation, which individuals were also familiar with the details of Richard Yuengling's lawsuits through Richard Yuengling's conversations with them or through the investigation process [¶¶ 118-122]; (vii) just a month after Richard Yuengling received his Letter of

Reprimand, the Sherriff's Office revised General Order 26.4 to expressly restrict its employees' from speaking on "issues of general or public interest" where such speech may "interfere with important working relationships" of the Sherriff's Office. [¶ 129]. In light of these allegations, the TAC adequately pleads that the Sheriff Defendants knew of the content of Richard Yuengling's lawsuit and therefore reasonable officials in the Sheriff Defendants' position should have known that Richard Yuengling's lawsuit was clearly related to matter of public concern.

Fifth, equity favors leave to amend. The SAC was prepared on a compressed timeline by then-newly-appearing counsel, after Plaintiffs' prior lead counsel became unreachable. *See* [Dkt. 86 at 3 & n.1]. Denying leave to amend now—when no party has briefed futility, the Court has not made a futility finding, and the Plaintiffs have only now (via the Court's orders of February 27, 2026 and May 15, 2026) learned the precise factual issues the Court considers dispositive—would work substantial injustice.

For each of these reasons, the Court should reconsider its Orders [Dkts. 142, 146] under Rule 54(b), revise the with-prejudice dismissals of Counts I and II to be without prejudice, and grant Plaintiffs leave to file a Third Amended Complaint

to address the factual issues the Court's qualified-immunity analyses have identified.

***(ii) The Dismissal of Count II Should Be Reconsidered.***

In addition to the foregoing, the Court should reconsider its dismissal of Count II—even on a without prejudice basis—in light of the case of *Joyner v. City of Atlanta*, 170 F.4th 1320 (11th Cir. 2026). *Joyner* was decided on March 25, 2026 — *after the close* of the fourteen-day abeyance period during which Plaintiffs were permitted to submit additional authority to the Court. *Joyner* demonstrates conclusively that the unconstitutional nature of the violations alleged in Count II were "clearly established" at the time those violations occurred. *Lewis v. City of West Palm Beach, Fla*, 561 F.3d at 1291–92 (11th Cir. 2009). Reconsideration of a non-final order is committed to the sound discretion of the Court, *see Region 8 Forest Timber,* 993 F. 2d at 806, and the issuance of binding Eleventh Circuit authority directly on point with the facts alleged here is a compelling occasion to exercise that discretion.

The facts in *Joyner* are on point with those alleged here, but materially *less* severe. *Joyner* involved an Atlanta police officer who reported alleged ticket-fixing by his supervisors to the Federal Bureau of Investigation and the Office of Professional Standards. 170 F.4th at 1328–29. One week later, his supervisors took

away his “flextime” — an informal privilege of employment he had used for over a decade to work an outside job and to fulfill personal and court-ordered family obligations. *Id.* at 1329–30. The Eleventh Circuit reversed the grant of qualified-immunity-based summary judgment.

In reaching its decision, the *Joyner* Court pointed to the case of *Akins v. Fulton County,* 420 F.3d 1293 (11th Cir. 2005). Per *Joyner*, *Akins* clearly established the rule that “government officials cannot lawfully strip an employee of ‘privileges of [his] employment’ where those privileges are important enough to the employee that taking them away would chill his expression of protected speech,” and that if they do so, First Amendment retaliation has occurred. *Id.* at 1340-41 (quoting *Akins*, 420 F.3d at 1300). Thus, the *Joyner* Court easily determined that, on the facts before it, "every reasonable official standing in the shoes of [defendants] would know that taking away Joyner's flextime privilege would 'alter[ ] . . . privileges of [his] employment' and 'would likely chill the exercise of [his] constitutionally protected speech.'" *Id.* at 1342 (quoting *Akins*, 420 F.3d at 1300).

The conduct alleged against the Sheriff Defendants in Count II is materially more severe than the conduct in *Joyner*. Mr. Yuengling, a twenty-two-year veteran of the Pasco County Sheriff’s Department, alleges that the Sheriff Defendants, among other things, subjected him to a pretextual internal-affairs investigation;

transferred him out of his desired post at the West Pasco Judicial Center to indefinite, undesirable jail duty; issued a Letter of Reprimand expressly warning that "any further violations" could lead to "termination"; caused his constructive termination from a twenty-two-year career upon his transfer to the jail; and denied him the customary ceremonial benefit of his gun and badge upon resignation. [Dkt. 71 at ¶¶ 77–111]. If, in *Joyner*, the loss of an informal scheduling privilege was obviously unconstitutional retaliation pursuant to *Akins*, the deliberate dismantling of a public servant's entire career was at least as obviously so.

The "clearly established" inquiry under the qualified immunity analysis asks whether the "rights involved were 'clearly established' at the time of the putative misconduct." *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012) (quoting Terrell v. Smith, 668 F.3d 1244, 1250 (11th Cir. 2012). However, Plaintiffs cite to *Joyner* not for the proposition that the *Joyner* holding itself clearly established the unconstitutional nature of the retaliation against Mr. Yuengling. Rather, *Joyner* provides binding authority that the principle stated in *Akins* had already clearly established the unconstitutional nature of the retaliation against Mr. Yuengling at the time *Akins* was issued in 2005.

As a result, the Court should reconsider its dismissal of Count II as to the Sheriff Defendants under Rule 54(b) in light of this directly on-point precedent.

WHREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court (i) alter and amend the May 18, 2026 Judgment [Dkt. 147] under Rule 59(e) to vacate the entry of judgment in favor of Defendant Pasco County School Board on Counts I, III, and V and to clarify that Plaintiffs' claims against the Pasco County School Board remain pending; (ii) vacate the May 18, 2026 Judgment as to all Defendants on the basis that it was a judgment that arose from "order[s]. . that adjudicate[d] fewer than all the claims or rights and liabilities of fewer than all of the parties" yet did not include an "express[] determin[ation] that there is no just reason for delay" of entry of judgment; (iii) reconsider and revise, under Rule 54(b) and the Court's inherent authority, the Court's Orders of February 27, 2026 [Dkt. 142] and May 15, 2026 [Dkt. 146] to the extent they dismissed Count I with prejudice as to Defendants Browning, Gadd, and Hetzler-Nettles and Count II with prejudice as to Defendants Seltzer, Joyal, Jenkins, and Marshello (the Sheriff Defendants), instead dismissing those counts as to those defendants on a without prejudice basis; (iv) grant Plaintiffs leave to file a Third Amended Complaint addressing the factual issues identified in the Court's qualified-immunity rulings on Counts I and II; (v) regardless of whether the Court grants relief as to request (iii) and (iv) above, reconsider and revisit, under Rule 54(b) and the Court's inherent authority, the dismissal of Count II as to the Sheriff Defendants

(Defendants Seltzer, Joyal, Jenkins, and Marshello) in light of *Joyner v. City of Atlanta*, 170 F.4th 1320 (11th Cir. 2026), and vacate that dismissal, recognizing those claims as live and pending; (vi) to the extent this Court issues any order in regard to this motion that results in a dismissal with prejudice as to any claim or party in this case but fewer than all claims or parties, include in that order a direction to the clerk to enter a final judgment as to those claims or parties, including an express determination under Rule 54(b) that there is no just reason for delay for such final judgment (on the basis this case has been pending for nearly four years and Plaintiffs should thus be permitted to proceed with any appeals as to such dismissals immediately); and (vii) grant Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 12th day of June, 2026.

CH LAW FIRM, PLLC

*/s/ Charles H. Hardage*
Charles H. Hardage
Florida Bar No. 76917
5204 Highlands Lakeview Loop
Lakeland, FL 33812
Phone: (904) 426-7257
hardagelaw@gmail.com
servicehardagelaw@gmail.com

ALBA LAW OFFICE, PA

*/s/ Dawn M. Alba*
Dawn M. Alba
Florida Bar No. 112814
50 SE Ocean Blvd., Suite 304
Stuart, FL 34994
Phone: (561) 584-0023 (office)
Cell: (772) 247-6784
Dawn@AlbaLawOffice.com
LawyerAlba@gmail.com

*Attorneys for Plaintiffs*

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that on June 11, 2026, undersigned counsel conferred by email with counsel for each Defendant in a good faith effort to resolve this motion. Counsel for all Defendants stated that Defendants oppose the motion and the relief requested herein.

*/s/ Charles H. Hardage*
Charles H. Hardage
Florida Bar No. 76917

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 12, 2026, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Charles H. Hardage*
Charles H. Hardage
Florida Bar No. 76917