UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD YUENGLING and
REBECCA YUENGLING,
Individually and as parent guardians of
their minor children H.Y. and P.Y.,

Plaintiffs,

v.

PASCO COUNTY SCHOOL BOARD
et al,

Defendants.

Case No. 8:22-cv-1787-MSS-SPF

**JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION TO ALTER OR AMEND A JUDGMENT AND MOTION TO REVISE/RECONSIDER**

COME NOW, Defendants, Stacey Jenkins, Eric Seltzer, Chris Joyal, and Patrick Marshello individually (collectively the "Sheriff Defendants"), joined by Defendants Kurt S. Browning, Ray Gadd, Carin Hetzler-Nettles, and Rachel Floyd (collectively the "School Board Employees") (together, the "Sheriff Defendants" and "School Board Employees" shall be referred to as "the Individual Defendants"), by and through undersigned counsels hereby move for a seven (7) day extension of time to respond to Plaintiff's Motion to Alter or Amend Judgment and Motion to Revise/Reconsider [D.E. 150] as follows.

1. On June 12, 2026, Plaintiffs filed a Motion to Amend/Alter Judgment and Motion to Revise/Consider the Court's Orders (D.E. 142 and 146) dismissing

Plaintiffs' claims against the Individual Defendants on qualified immunity grounds. Plaintiff combined both motions into a single composite filing (hereinafter, "Plaintiffs' Motion"). (D.E. 150).

2. Local Rule 3.01(c) affords parties twenty-one (21) days to respond after service of "a motion to dismiss, for judgment on the pleadings, for summary judgment, to exclude or limit expert testimony, to certify a class, for new trial, or ***to alter or amend the judgment***." *See* M.D. Loc. R. 3.01(c) (emphasis added). Local Rule 3.01(c) provides parties with fourteen (14) days to respond to all other motions. *Id.*

3. Plaintiffs' Motion seeking both (1) to alter/amend the judgment and (2) reconsideration of the Court's Order granting the Individual Defendants' Motion to Dismiss appears to have created a situation where the Individual Defendants have different deadlines to respond to different parts of Plaintiffs' filing.

4. Out of an abundance of caution, and due to the respective schedules for undersigned counsels for the Individual Defendants which has required substantial time out of the office over the past ten days, the Individual Defendants request a seven (7) day extension of time to respond to Plaintiff's Motion for Reconsideration.

5. The brief extension will also serve the interests of efficiency and judicial economy by aligning the response deadlines for Plaintiffs' composite filing and will allow the Sheriff Defendants and School Board Employees to respectively respond to Plaintiffs' Motion in their own single filings.

WHEREFORE, the Individual Defendants request a brief seven-day extension through and including July 3, 2026[1] to respond to the portion of Plaintiff's filing seeking reconsideration of the Court's February 27, 2026 and May 15, 2026 Orders and submit the following memorandum of law in support of their requested relief.

**MEMORANDUM OF LAW**

Courts may extend case deadlines for good cause. Fed. R. Civ. P. 6(b)(1)(A). This is pursuant to the Court's discretion. *See e.g., Bligh v. Dist. Sch. Bd. of Collier Cty.*, No. 2:18-cv-172-FtM38CM, 2018 BL 340951 (M.D. Fla. Sept. 20, 2018) (granting 24-day extension of time over opposition because "[d]istrict courts have broad discretion when managing their cases").

Here, the Sheriff Defendants and School Board Employees request a brief seven (7) day extension of time to respond to the portion of Plaintiff's filing seeking reconsideration of the Court's February 27, 2026 and May 15, 2026 Orders granting the Individual Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint on qualified immunity grounds. The extension is necessary due to the Sheriff Defendants' and School Board Employees' respective attorneys' schedules which have kept them out of the office for much of the last ten days. The interests of efficiency and judicial economy also constitute good cause to avoid multiple bifurcated responses to address Plaintiffs' single filing. The extension will not impact the current litigation as

[1] Because July 3rd is a Court holiday, the due date for Parties' response will be July 6, 2026.

the Individual Defendants seek only to align the response deadlines for Plaintiffs' multiple requests for relief and is requested without opposition.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for the Sheriff Defendants and School Board Employees conferred with counsel for Plaintiffs by email and telephone on June 24, 2026 and are authorized to represent the relief requested herein is unopposed.

Dated this 24th day of June 2026. Respectfully submitted,

***/s/ Tammie L. Rattray***
Tammie L. Rattray
Florida Bar No. 0128619
trattray@fordharrison.com
**FORDHARRISON LLP**
401 E. Jackson St., Suite 2500
Tampa, FL 33602-5133
Telephone: 813-261-7800
*Counsel for the School Board Employees*

***/s/ Matthew D. Stefany***
MATTHEW D. STEFANY
Florida Bar No. 98790
mstefany@anblaw.com
**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza – Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
*Counsel for the Sheriff Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of June 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

***s/ Matthew D. Stefany***
ATTORNEY