UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD YUENGLING** and **REBECCA YUENGLING,** individually and as parent/guardians of their minor child, **P.Y.**, and **Haley Yuengling,**

**Plaintiffs,**

**v.** **Case No: 8:22-cv-1787-MSS-SPF**

**PASCO COUNTY SCHOOL BOARD, KURT S. BROWNING, RAY GADD, CARIN HETZLER-NETTLES, RACHEL FLOYD, ERIC SELTZER, CHRIS JOYAL, STACEY JENKINS, and PATRICK MARSHELLO,**

**Defendants.**

---

# ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiffs Richard Yuengling and Rebecca Yuengling's, individually and as parent guardians of their minor child, P.Y., and Haley Yuengling, ("Plaintiffs") Motion to Alter or Amend a Judgment and Motion to Revise/Reconsider, (Dkt. 150), the School District Defendants' Response in Opposition,[1] (Dkt. 154), the Sheriff Defendants' Response in Opposition,[2] (Dkt. 155), Defendant Pasco County School Board's ("PCSB") Response

[1] In this Order, the Court refers to Defendants Browning, Gadd, Hetzler-Nettles, and Floyd collectively as the "School District Defendants."
[2] The Court refers to Defendants Jenkins, Seltzer, Joyal and Marshello collectively as the "Sheriff Defendants."

in Opposition, (Dkt. 153), and Plaintiffs' Reply to PCSB's Response. (Dkt. 159) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiffs' Motion to Alter or Amend and **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Revise/Reconsider.

## I. Motion to Alter or Amend the Judgment

Plaintiffs request the Court alter or amend its May 18, 2026 Judgment, (Dkt. 147), to make clear that the claims against PCSB remain pending. (Dkt. 150) The Court will do so.

On February 27, 2026, the Court entered an Order resolving the question of qualified immunity for the Sheriff Defendants and the School District Defendants. (Dkt. 142) In that Order, the Court granted the Sheriff Defendants and the School District Defendants' Motions to Dismiss based on qualified immunity, subject to a fourteen-day abeyance during which Plaintiffs could present factually analogous authority as to Count I. (Id.) The Court "d[id] not discuss the claims that remain[ed] against the Pasco County School Board." (Id. at 3 n.3) After the fourteen-day abeyance, the Court entered an Order directing the Clerk to "enter Judgment for Defendants." (Dkt. 146) This was a clerical error. The claims against PCSB were not finally litigated or disposed of. In that Order, Judgment should have been entered *only* for the School District Defendants and the Sheriff Defendants. No Party makes a strong argument to the contrary.

In sum, the Court erroneously disposed of live claims against PCSB prior to adjudication of those claims. See (Dkts. 93, 142 at 3 n.3) "A federal court's inherent

authority to correct its own errors, so long as it possesses jurisdiction over the action, is firmly rooted in the common law." Hornady v. Outokumpu Stainless USA, LLC, 118 F.4th 1367, 1380 (11th Cir. 2024). Accordingly, the Court will correct its error and reinstate the claims against PCSB. Plaintiffs' Motion to Alter or Amend the Judgment is due to be GRANTED, and the Clerk shall be directed to VACATE the Judgment against all Defendants.

## II. Motion for Reconsideration

The Court finds Plaintiff's Motion for Reconsideration based on its proposed amendments is due to be denied as to the School District Defendants and granted as to the Sheriff Defendants. Because the Court erred in directing the Clerk to enter Judgment for all Defendants, (Dkt. 146), after entering an Order that adjudicated claims against fewer than all the parties, (Dkt. 142 at 3 n.3), the Court will address the Motion for Reconsideration under the less stringent Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 15(a)(2) standards.

"[A]n order 'that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" Hornady, 118 F.4th at 1379 (quoting Fed. R. Civ. P. 54(b)). Motions to reconsider under Rule 54(b) are "evaluated under the Court's plenary authority 'to reconsider, revise, alter or amend' a non-final order before the entry of final judgment." Id. When an entire action has not been dismissed, the Court shall evaluate a motion for reconsideration "on the basis of proposed amendments" under Rule 15(a). MacPhee v. MiMedx

Group, Inc., 73 F.4th 1220, 1250 (11th Cir. 2023) (quoting Czeremcha v. International Ass'n of Machinists & Aerospace Workers, AFL-CIO, 724 F.2d 1552 (11th Cir. 1984)). Under Rule 15(a), a district court must "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a district court need not grant leave '(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" Huggins v. Sch. Dist. of Manatee Cnty., 151 F.4th 1268, 1286 (11th Cir. 2025) (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)).

Here, reconsideration on the basis of Plaintiffs' proposed amended complaint is due to be denied as to the School District Defendants because the proposed amendment would be futile. On the other hand, Plaintiffs' motion is due to be granted as to the Sheriff Defendants because there is no significant reason to deny leave to amend under Rule 15(a), and amendment does not appear facially to be futile.

**a. *School District Defendants***

The Court finds that leave to amend is due to be denied as to the School District Defendants on the basis of futility. See Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) ("This court has found that denial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'"); EEOC v. STME, LLC, 938 F.3d 1305, 1320 (11th Cir. 2019) ("[A] district court may deny a motion for leave to amend as futile 'when the complaint as amended would still be

properly dismissed.'") (citation omitted)). Plaintiffs include additional factual allegations in the proposed Third Amended Complaint, (Dkt. 160-2), but these facts do not overcome the Court's ruling that the unconstitutionality of the School District Defendants' actions was not clearly established. (Dkt. 142)

The Supreme Court has recently held that "[t]o find that a right is clearly established, courts generally 'need to identify a case where an officer acting under similar circumstances . . . was held to have violated' the Constitution." Zorn v. Linton, 607 U.S. 568, 572 (2026). A case must be highly specific and put every reasonable official on notice of the "particular rule the plaintiff seeks to apply." Id. "In short, officers receive qualified immunity unless they could have 'read' the relevant precedent beforehand and 'known' that it proscribed their specific conduct." Id. (alteration accepted).[3]

This Court's prior Order found that the School District Defendants' conduct was unconstitutional. See (Dkt. 142) But to overcome qualified immunity the conduct must be both unlawful *and* clearly established as unlawful at the time of the act. Smart v. England, 93 F.4th 1283, 1288 (11th Cir. 2024). Here, Plaintiffs only supplement their prior complaint with additional factual allegations, and they fail to identify a case with such similar facts that every reasonable official would be on notice that the act is unconstitutional. (Dkt. 150-2) Because the Supreme Court's recent qualified immunity

[3] See also Zorn, 607 U.S. at 581 (Sotomayor, J., dissenting) ("The majority's analysis rests on the assumption that the law can be clearly established only by factually identical 'case[s] directly on point,' despite the Court's rejection of such a standard.") (citing White v. Pauly, 580 U.S. 73, 79 (2017)).

decision dictates that something may be clearly established as unlawful only through a case directly on point, the new factual allegations do not assist Plaintiffs in clearing the clearly established hurdle. See Zorn 607 U.S. at 572. Accordingly, the Court finds that amendment of the complaint as proposed would be futile. Plaintiffs' Motion for Reconsideration as to the School District Defendants is due to be DENIED.

The Court will also address the other arguments presented in Plaintiffs' Motion. Plaintiffs assert that they should be allowed to have an opportunity to amend their complaint in response to a merits ruling on qualified immunity. This is incorrect. See Huggins, 151 F.4th at 1286 n.15 ("[O]ur precedent squarely rejects [plaintiff's] suggestion that he is entitled an opportunity to amend with the benefit of a ruling on the issues posed by Defendants' motions to dismiss) (citing Almanza v. United Airlines, Inc., 851 F.3d 1060, 1075 (11th Cir. 2017)). The Court is also not required to *sua sponte* grant amendment "when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002).[4]

[4] Plaintiffs cite to their Opposition to Defendants' Motions to Dismiss to argue that they did request leave to amend as an alternate form of relief. (Dkt. 150 at 14 n.5) Not so. (Dkt 86 at 4 n.3) ("Plaintiffs ask the Court to consider current Lead Counsel's relatively recent involvement in the case when considering any motions for leave to further amend."); (Id. at 15 n.4) ("Plaintiffs intend to seek leave to amend the [Second Amended Complaint] to include allegations . . ."); (Id. at 39 n.23) ("Plaintiffs intend to move for leave to amend their SAC to include additional allegations of . . .") Further, the Court granted Plaintiffs 28 days to amend their complaint to cure Count IV. (Dkt. 93) Plaintiffs could have easily taken that opportunity to add the factual allegations they indicated they intended to add. Or Plaintiffs could have moved to amend their complaint during the four months before Defendants appealed. Plaintiffs did not.

Plaintiffs also assert that the Court did not address futility in its prior Order. (Dkt. 150) A futility analysis was not required. *Sua sponte* dismissals with prejudice are prohibited when "1) the defendant had not filed an answer and the plaintiff still had a right to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; 2) the plaintiff brought his claim in good faith; and 3) the district court failed to provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing Jefferson Fourteenth Assocs. v. Wometco de P.R., Inc., 695 F.2d 524, 527 (11th Cir.1983)). None of those three elements are at play here. See also Eiber Radiology, Inc., 673 Fed. App'x. at 930 ("We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor have we concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so.").

Finally, Plaintiffs argue that equity favors leave to amend. The Court disagrees as to the School District Defendants due to the futility of amendment. For support, Plaintiffs argue that (1) the Second Amended Complaint was prepared on a "compressed timeline" by newly appearing counsel, (2) the Court did not undertake a futility analysis, and (3) Plaintiffs have only now "learned the precise factual issues the Court considered dispositive in the prior Order." (Dkt. 150 at 18) First, the twenty-one day extension of time to file the Second Amended Complaint was specifically requested by Plaintiffs, (Dkt. 62), and the Second Amended Complaint was filed in

January 2023. (Dkts. 65, 71) Plaintiffs had ample time to remedy any issues stemming from the "compressed" timeline the complaint was prepared under prior to June 2026, by either requesting more time or requesting leave to amend. Second, as stated, Plaintiffs are not entitled to request a futility analysis or an opportunity to amend with the benefit of the Court's ruling on Defendants' Motions to Dismiss.

**b. *Sheriff Defendants***

The Court's view of the proposed Amendment concerning the Sheriff Defendants is different. The Plaintiffs have demonstrated that reconsideration as to the Sheriff Defendants is due to be GRANTED. For support, Plaintiffs offer an amended complaint and the Declaration of Plaintiff Richard Yuengling. (Dkts. 150-2, 160-2) Under Rule 15(a), a district court must "freely give leave to amend when justice so requires," Fed. R. Civ. P. 15(a)(2), unless there is a significant justifying reason to deny amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

At the outset, the Court addresses Plaintiffs' Motion for the Court to Consider the Declaration of Richard Yuengling. (Dkt. 161) Importantly, in this regard, the Court finds that the proper standard to evaluate the Plaintiffs' Motion for Reconsideration is Rule 15(a). As explained above, the Court erroneously entered judgment for all Defendants. The School Board Defendants should not have been dismissed, and that error has now been corrected. Thus, the requirements of Rule 59(e) do not apply.

Furthermore, discovery was stayed in this action from December 27, 2022, (Dkt. 60), until December 28, 2023. (Dkt. 116) On January 23, 2024 the Sheriff

Defendants and the School District Defendants appealed, (Dkts. 125, 126), and discovery has been stayed since. (Dkt. 132) The Eleventh Circuit reversal made clear that discovery was not permitted pending a resolution of the Qualified Immunity motion. Therefore, the Court finds that seeking the internal affairs investigation file was not required, and doing so during the stay may have been perceived as a violation of the stay. Instead, after the Court entered its Order on the Motions to Dismiss, (Dkt. 142), Plaintiffs promptly requested the internal affairs investigation file less than a week later. (Dkt. 160-2) Indeed, it appears that the Sheriff Defendants did not produce the file that had been requested in March 2026 until August 2026. Finally, the suggestion by the Sheriff Defendants that "[t]here is nothing in Mr. Yuengling's IA file to suggest that the Sheriff Defendants knew anything about Mr. Yuengling's lawsuit other than it 'related to his children's assignment to or experience in their Pasco County public schools,'" is inaccurate. The file includes copies of the original complaint and emergency motion filed by Mr. Yuengling. See Part II.b. at 9.

Here, upon review of the additional factual allegations in the light most favorable to Plaintiffs and the additional evidence provided by Plaintiffs, the Court finds that amendment would not necessarily be futile. Mr. Yuengling is alleged to have been an excellent employee during his fourteen years with the Pasco County Sheriff's Office. (Dkt. 150-2 ¶ 98) He is also father whose daughter, Plaintiff H.Y., was reassigned from her high school due to his and his wife's objections to an assignment requiring H.Y. to state her "gender identity" and "preferred pronouns." (Id. ¶¶ 26-36) Both he and his wife apparently vehemently objected to such indoctrination of Pasco

children by the school board and aggressively sought to prohibit the same in respect to their children. When his children were reassigned in retaliation for their objection and his wife's related speech, he responded by filing a lawsuit against the Pasco County School Board and Superintendent Browning. He did so while wearing his uniform at the West Pasco Judicial Center, where he was stationed as a Bailiff. (Id. ¶¶ 55, 82, 83, 86) He was allegedly warned against filing such a suit because the School Superintendent was well-connected and powerful. Immediately upon filing the suit, he was reassigned to the West Pasco Judicial Center to jail duty at the Land O'Lakes jail. (Id. ¶¶ 93, 95, 114) Work at the jail for Mr. Yuengling was not desirable, especially compared to his previous position as a Bailiff. (Id. ¶103) The jail was soon after transferred to County control, and if Mr. Yuengling had continued to work there, he would have lost his status as a Deputy Sheriff and faced other consequences. (Id. ¶ 128) The stated basis for this harsh discipline was that he filed the lawsuit while wearing his uniform. The Sheriff Defendants contended that there was no allegation or evidence that the Sheriff Defendants knew of the nature and content of the lawsuit or that it involved a matter of public concern.

In reliance on that argument and after an analysis of all the facts alleged , the Court dismissed Mr. Yuengling's complaint against the Sheriff Defendants finding that a "reasonable officer could have believed that Mr. Yuengling's filing of the lawsuit did not involve a matter of public concern" because there was no allegation that the Sheriff Defendants would have known or could have known their conduct would be clearly unlawful when it occurred. (Dkt. 142 at 23) The Court specifically

noted that "Plaintiffs do not allege that any of the Sheriff Defendants read the complaint Mr. Yuengling filed or otherwise knew the content of the complaint." (Id. at 22).

The internal-affairs file from Pasco County Sheriff's Office, viewed in the light most favorable to the Plaintiffs, seems to prove the opposite. (Dkt. 160-2) Included in the file is an actual complete copy of Mr. Yuengling's original complaint and its attachments and the emergency motion for injunctive relief filed in Pasco County state court. (Id. at 58-81) This would tend to prove that the Sheriff Defendants were aware of the nature of the lawsuit and even the precise issues and constitutional violations raised. See (id.) Notably, the Sheriff Defendants would have been at least on constructive notice if not actual notice of this fact when resisting discovery and arguing here and on appeal that there were no allegations that the Sheriff Defendants knew of the underlying facts surrounding the complaint. It is not certain that this fact will yield a different result in the case, but the Court cannot find that the proposed amendment is facially futile. Accordingly, amendment of the complaint against the Sheriff Defendants is due to be GRANTED.

**c. *Pasco County School Board (PCSB)***

Finally, PCSB responded in opposition to Plaintiffs Motion to Reconsider alleging that amendment would be futile because (1) the proposed Third Amended Complaint is a shotgun pleading and (2) Plaintiffs have failed to plead sufficient facts to state a claim. (Dkt. 153) PCSB's arguments regarding the pleading adequacy of the claims and the pleading adequacy of the proposed Third Amended Complaint as a

whole are more appropriately addressed in a Motion to Dismiss than in a Motion for Reconsideration based on a proposed amended complaint. Accordingly, as to PCSB, the Court will vacate the erroneous judgment and direct Plaintiffs to file their Third Amended Complaint.

## III. CONCLUSION

1. Plaintiffs' Motion to Alter or Amend is **GRANTED**.
2. The Clerk is **DIRECTED** to **VACATE** the Judgment entered as to all Defendants. (Dkt. 147)
3. Plaintiffs' Motion for Reconsideration, (Dkt. 150), is **GRANTED IN PART** and **DENIED IN PART**.
4. Plaintiffs' Motion for the Court to Consider the Declaration of Richard Yuengling, (Dkt. 161), is **GRANTED**.
5. This case is **DISMISSED** as to the School District Defendants. Judgment will await final resolution of the case. The Court declines to direct entry of judgment under Rule 54(b) that could potentially result in piecemeal appeals. This is not the sort of "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Peden v. Stephens, 50 F.4th 972, 978 (11th Cir. 2022).

6. Plaintiffs are **DIRECTED** to file a Third Amended Complaint against the Sheriff Defendants and Defendant PCSB within fourteen (14) days of the date of this Order.
7. The Parties are thereafter **DIRECTED** to file a Case Management Report within fourteen (14) days of the filing of the Sheriff Defendants' and PCSB's Answers or other responses to the Third Amended Complaint.
8. Once the Case Management Report is filed, the Court will reopen the case.

**DONE** and **ORDERED** in Tampa, Florida on this 13th day of October 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of record
Any unrepresented Parties